IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE SAEZ-NAVARRO, AIDA RUTH MARTINEZ and their conjugal partnership; BAYXEL SAEZ-MARTINEZ<br><br>Plaintiffs<br><br>v.<br><br>BANCO SANTANDER PUERTO RICO; SANTANDER BANCORP.; MARSTERS REAL ESTATE; RAFAEL MALDONADO; ACRES-APPRAISAL CONSULTING & REAL ESTATE SERVICES; CARMEN L. TORRES, RAMON PEREZ-VALENTIN MADDY ANGELA BATISTA-SALAS and their community property; JOSE ANGEL PEREZ-BATISTA, EMI DURAN-AMEZQUITA and their community property; JOHN DOE, JIM DOE and JILL DOE; COMPANIES A, B, C, D, and E; INSURANCE ABC, INSURANCE XYZ<br><br>Defendants | CIVIL 08-1604CCC |

## OPINION AND ORDER

This action arises from plaintiffs' dissatisfaction with an apartment they purchased in Condominium Torres de Andalucía in Río Piedras, Puerto Rico. Federal Jurisdiction is present on the basis of a claim under the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. §4851, et seq. (The Lead Paint Act).[1] The action is now before us on a Motion to Dismiss filed July 23, 2008 **(docket entry 6)** by defendant Rafael Maldonado, the employee of Marsters Real Estate who brokered the sale and purchase of the property. Plaintiffs opposed the motion November 13, 2008 (docket entry 21), and

---

[1] Plaintiffs also bring supplemental claims under Puerto Rico law.

CIVIL 08-1604CCC					2

Maldonado replied (docket entry 23).[2]  Because the motion is based on an affirmative defense, we narrate only the most basic facts of the complaint.

Plaintiff Bayxel Sáez-Martínez alleges that when he signed the purchase option for the apartment, he was assured by Maldonado that the property would be in perfect condition at the time of the closing.  Sáez-Martínez also alleges that his parents, co-plaintiffs José Sáez-Navarro and Aida Ruth Martínez, were denied a visual inspection prior to the closing on July 31, 2006.  They contend that, notwithstanding that they had not seen the apartment, they agreed to sign the deed with the verbal proviso that, if the property was not in appropriate condition, they could rescind the purchase and mortgage contract with Banco Santander.

Plaintiffs claim that on finally inspecting the apartment after completing the purchase, they found it in a deteriorated condition.  They aver that there was lead in the tiles of various rooms and hallways and asbestos in the ceilings.  Believing that defendants knew of the poor conditions and the presence of lead and asbestos and deliberately concealed these defects from them, plaintiffs filed suit on March 13, 2007 in state court at the Superior Court of San Juan, where it was given the case number (KAC)2007-2308. The suit was presented as an action for annulment and rescission of contracts and for damages under various sections of the Civil Code of Puerto Rico (See, docket entry 6, Ex. 1)against Banco Santander Puerto Rico and Santander Mortgage Corp., Marsters Real Estate and Rafael Maldonado; ACRES Appraisal Consulting & Real Estate Services and Carmen L. Torres; Ramon Perez-Valentin, Maddy Angela Batista-Salas and their conjugal partnership; and Jose Angel Perez-Batista, Emi Duran-Amezquita and their conjugal partnership.

---

[2] Maldonado's Motion for Leave to File a Reply Memorandum and to Request an Extension of Time **(docket entry 23)** filed November 20, 2008, is GRANTED retroactively.

CIVIL 08-1604CCC                                    3

      Finding that plaintiffs had failed to serve process on defendants Rafael Maldonado, Ramon Perez Valentin, Maddy Angela Batista Salas and their conjugal partnership, Jose Angel Perez Batista, Emi Duran and their conjugal partnership within the term prescribed by Puerto Rico Rule of Civil Procedure 4.3(b), the Superior Court entered Partial Judgment on February 12, 2008, dismissing with prejudice (Id., Ex.2),the complaint against these defendants.  It is undisputed that plaintiffs did not appeal the Partial Judgment, that it became final and unappealable on March 28, 2008, and that the dismissal was with prejudice.

      Two months thereafter, on May 29, 2008, plaintiffs filed this suit, based on the same set of facts, against the same defendants, raising the same claims of presence of lead, although they have now identified the federal statute as an additional source of authority.

**The Motion to Dismiss Standard**

      In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim.  In re Colonial Mortgage Bankers Corp., 324 F.3d. 12, 16 (1st Cir. 2003).  The affirmative defense of res judicata is no exception.  See, e.g., Boateng v. InterAmerican University, 210 F.3d. 50, 60 (1st Cir. 2000).  Even without a motion, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste."  In re Colonial Mortgage Bankers Corp., supra, at 16.

      The dismissal on the basis of an affirmative defense such as res judicata can only occur when two conditions are met:

> The first condition is that the facts that establish the defense must be definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice.  The second condition is that the facts so gleaned must conclusively establish the affirmative defense.

Id.  [Citations omitted.]

CIVIL 08-1604CCC                                4

**Res Judicata Analysis**

    Maldonado moves for dismissal arguing that the doctrine of "res judicata" applies because the state court case against him was dismissed with prejudice. We do not discuss of all of the factors for determining whether res judicata is applicable because plaintiffs have not disputed the first two elements of the doctrine: identity of the causes and identity of the parties and the capacity in which they acted. They challenge only Maldonado's contention that the case was adjudicated on the merits. At ¶11 of their opposition, plaintiffs state:

> . . . plaintiffs filed a claim in the San Juan Superior Court, where broker Maldonado was a named defendant, but during the state process decided to pursue the claim against him at this Federal Court and then Maldonado was not summoned in the State Court case. Therefore since Maldonado was not summoned in the State Case, the State Court has no jurisdiction over this person and consequently plaintiffs have the option of pursuing all the claims against this defendant on this Federal Court. And the Superior Judge issued a judgment where the State Court deems the plaintiffs were voluntarily dismissing the claims against Maldonado because he was not summoned within the 180-term of PR Rule 4.3.

(Emphasis in the original omitted).

    Plaintiffs cite <u>Núñez-Núñez v. Sánchez Ramos</u>, D.P.R. February 28, 2006,[3] for its statement that one of the required elements for the application of the doctrine of res judicata is that the former judgment must constitute an adjudication on the merits. Plaintiffs follow with the argument that the state court judgment was a voluntary dismissal because Maldonado was not served within the 180 day term and, therefore, was not a decision on the merits. Plaintiffs argue that because Maldonado was not summoned the court did not acquire jurisdiction over him and, therefore, he can be sued again.

    This last argument is meritless in a res judicata analysis regarding the effect of a dismissal of the case against Maldonado for failure to comply with Rule 4.3(b). Plaintiffs overlook the fact that the dismissal <u>with prejudice</u> was entered pursuant to a rule of

---

    [3]There is an error in this citation-no such case has been found.

CIVIL 08-1604CCC                                    5

procedure. That rule of procedure, Rule 4.3(b) of the Rules of Civil Procedure of Puerto Rico, provides for mandatory dismissal with prejudice in the following procedural circumstances:

> Summons shall be served within a period of six (6) months from its issuance. Said term may only be enlarged for a reasonable period in the court's discretion if plaintiff shows just cause for the enlargement and requests the same within the period originally prescribed. If the term originally prescribed or its enlargement expires before service of summons, <u>the case shall be dismissed with prejudice to the plaintiff</u>.

(Emphasis ours) (Official translation).

The purpose of Rule 4.3(b) was defined in <u>Banco Metropolitano v. Berrios,</u> 110 D.P.R. 721, 724(1981) as early as 1981 in the following:

> Rule 4.3(b) is a parallel development of Rule 39.2(b) on the dismissal of an action because of failure to prosecute, and both have the same purpose of speeding up litigation and moving the backlog of cases, for the former operates during the early stages of the action.

(Official translation,1981WL176526 )<u>See</u>, <u>also</u>, <u>Monell v. Municipality of Carolina</u>, 146 D.P.R. 20, 26 (1998).

The fact that the dismissal was <u>with prejudice</u> has relevant consequences under Puerto Rico law. The judgment in this case was a dismissal that, by statutory mandate, constitutes an adjudication on the merits. In <u>Oriental Bank & Trust v. Pardo Gonzalez</u>, 509 F. Supp. 2d 127, 135 (D. Puerto Rico 2007), this Court stated, with regard to a dismissal with prejudice:

> Although there has not been an adjudication on the merits in the sense of a weighing of the facts, it is a fact that a dismissal with prejudice is deemed an adjudication on the merits for the purpose of res judicata, since such a dismissal is tantamount to a judgment on the merits.

The Supreme Court of Puerto Rico has addressed this specific issue:

> Although we have acknowledged that the res judicata doctrine requires that the decision in the first case must have been on the merits, we have also expressed that certain circumstances exist in which by statutory provision, despite the

CIVIL 08-1604CCC                              6

> court's not having elucidated the merits, the decision constitutes
> and adjudication on the merits, like, for example, in the case of
> a dismissal . . . with prejudice.

Ford Motor Credit v. Commonwealth of Puerto Rico, 2008 WL 38500074 (P.R.), citing Banco de la Vivienda de Puerto Rico v. Carlo Ortiz, 130 D.P.R. 730 (1992).

In Puerto Rico, an involuntary dismissal is considered an adjudication on the merits, unless the dismissal is for lack of jurisdiction or failure to include an indispensable party, Marcano Arroyo v. K-mart, Inc., 81 F. Supp. 2d 301, 306 (D. Puerto Rico 1999), neither of which is the situation here.  Once the case against a defendant is dismissed, with prejudice, it cannot be refiled against that same defendant anywhere.

**The Lead Paint Act Claim**

The damages available under the federal statutory scheme of the Lead Paint Act are set forth in 42 U.S.C. §4852d(b)(3): "Any person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual."  Inasmuch as the damages are not in the nature of a civil penalty, the federal courts do not have exclusive jurisdiction to hear such claims.[4]  See, generally, Sipe v. Amerada Hess Corp., 689 F.2d 396, 406 (3rd Cir. 1982) (concurrent jurisdiction exists over cases arising under federal laws unless exclusive jurisdiction has been granted to the federal courts); Graham Court Owners Corp.

---

[4] 28 U.S.C. §1355(a) provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress....

CIVIL 08-1604CCC                                7

v. Powell, 804 N.Y.S. 2d. 530, 532 (2005) (concurrent jurisdiction exists under the Lead Paint Act).

The Environmental Report, the source of the facts on which they base their federal claim and which is included as an attachment to their complaint, is dated September, 2006 or six months before they filed the first lawsuit in state court.  Inasmuch as concurrent jurisdiction exists on the lead-paint claim, it could have, and should have, been brought in the prior suit .

Under Puerto Rico law, res judicata and collateral estoppel preclude the relitigation of claims and issues that were, or could have been, brought in a previous action for which judgment has been rendered.  Barreto-Rosa, 470 F.3d., at 45; Adames v. Facundo, 198 Fed. Appx.20, 21, 2006WL2624089 (1st Cir. (Puerto Rico)); Marcano Arroyo, 81 F. Supp. 2d at 307.  Plaintiffs cite Management Administration Services, Corp. v. E.L.A., 155 D.P.R. 599 (2000) to argue that if the application of res judicata is erroneous or a cause of a grave injustice, the court can apply a different rule of law so the case may be solved in a just manner.  This notwithstanding, we find the application of the doctrine of res judicata warranted in this situation.  The identity of causes requirement does not prevent res judicata from being applied to a second case simply because the plaintiff alleges a new legal theory doctrine.  Marcano-Arroyo, 81 F. Supp. 2d at 307. Having alleged the facts regarding the presence of lead in the prior complaint, there was no reason for plaintiffs not having presented their Lead Paint Act cause of action before the Superior Court of Puerto Rico.

For the above-stated reasons, Rafael Maldonado's Motion to Dismiss **(docket entry 6)** is GRANTED, and all claims against him are DISMISSED.

SO ORDERED.  At San Juan, Puerto Rico on April 17, 2009

                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge